UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DHAFER PUTROUS,

    Defendant.

Criminal No. 06-20492

Civil No. 08-15314

Hon. Victoria A. Roberts

_____

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

**I. INTRODUCTION**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Government filed an Amended Response and Brief in Opposition. Because the record conclusively shows that Petitioner's right to effective counsel was not violated and that he is not entitled to relief under § 2255, his Motion is **DENIED** without an evidentiary hearing. The Court also declines to issue Petitioner a certificate of appealability.

**II. BACKGROUND**

On August 17, 2006, Petitioner was charged in a criminal complaint with presenting and passing fictitious obligations with the intent to defraud, in violation of 18 U.S.C. § 514(a)(2). The complaint alleged that in December 2005, Petitioner passed at least $88,000.00 in stolen Western Union money orders.

1

On September 15, 2006, a one-count Information was filed, also alleging a violation of § 514(a)(2). The Information alleged Petitioner fraudulently passed at least 177 forged money orders.

On September 17, 2007, Petitioner pled guilty pursuant to a Rule 11 plea agreement ("Rule 11"). The Rule 11 calculated a guideline range of 37 to 46 months, based on an offense level 17 and a criminal history category IV; the offense level was based on an actual loss amount of $70,000 to $120,000. The agreement included a waiver of appellate rights, if the Court imposed a sentence within agreed upon guideline range of 37 to 46 months. It also allowed Petitioner to withdraw if the Court imposed a sentence greater than 46 months.

The probation department issued its presentence investigation report ("PSIR") on October 31, 2007. The PSIR calculated an intended loss amount of $144,066.36, resulting in an offense level of 19 and a guideline range of 46 to 57 months.

On November 26, 2007, Petitioner filed two written objections: (1) probation incorrectly stated the amount of loss, because the parties stipulated to $88,500.00 as the amount of loss; and, (2) probation improperly included a summary of his gambling activity. Petitioner claimed the discovery materials did not support the loss figures for either actual or intended loss, as calculated by the probation department. The disputed intended loss figure included a $40,008.00 wholesale order for fruits and nuts allegedly made by Petitioner in January 2006. According to probation, when Petitioner told the wholesaler he would pay with money orders, the wholesaler cancelled the order because it did not accept money orders for payment. Petitioner says that information was inaccurate.

On January 7, 2008, the Probation Department submitted a letter to the Court clarifying the loss calculations. The letter corrected two errors contained in the PSIR: (1) the intended loss figure was modified from $144,066.36 to $145,066.36, to correct an error in the calculations; and, (2) the victim for the loss of $4,780.00 for the Kraft cheese order, was modified from Midway Wholesale to Sweiss Imports.

On January 8, 2008, the Court adopted the probation department's loss calculation over defense counsel's objection. The Court sentenced Petitioner to 46 months, plus 11 months consecutive, for a total of 57 months imprisonment, with 24 months to run concurrent to his sentence in his prior criminal case number 03-80743.

Petitioner did not appeal his conviction or sentence. On December 29, 2008, Petitioner timely filed this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Petitioner raises seven claims: (1) the sentencing court failed to comply with Fed. R. Crim. P. 32(i)(1)(A) and 32(h); (2) defense counsel failed to object to the upward departure and to move to withdraw the plea at sentencing; (3) the sentencing court violated his right to a fair sentencing hearing; (4) defense counsel was ineffective during his representation which denied Petitioner of a fair sentencing; (5) the Government knowingly and intentionally provided the Court with false information during the sentencing stage, which violated his Sixth Amendment right to a fair sentencing hearing; (6) the Court failed to comply with the § 3553(a) factors during the sentencing stage, which deprived him of his Sixth Amendment right to a fair sentencing; and (7) defense counsel was ineffective in failing to consider and raise issues relating to his gambling, drug and alcohol addiction and his cooperation with the Government's ongoing investigation. The Government opposes the Motion.

3

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) governs this case. Under 28 U.S.C. §2255(a), a prisoner may move to vacate, set aside or correct a sentence on four specified grounds "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)).

Claims which were not raised at trial or on direct appeal are barred by procedural default unless the defendant demonstrates: (1) cause which excuses his failure to raise the issues and actual prejudice, or (2) actual innocence. *United States v. Frady*, 456 U.S. 152, 167 (1982); *Napier v United States*, 159 F.3d 956, 959 (6th Cir. 1998); *Bousley v United States*, 523 U.S. 614, 623 (1998).

The cause and prejudice standard, however, does not apply to claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim "may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*

4

An evidentiary hearing is not required for all § 2255 motions: "an evidentiary hearing is required unless the record conclusively shows that the defendant is entitled to no relief. Stated another way, no hearing is required if the defendant's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner alleges he was denied a fair sentencing hearing due to ineffective assistance of counsel. He also alleges his failure to raise all claims on direct appeal was due to ineffective assistance of counsel.

An ineffective-assistance claim "can serve as both cause and prejudice, excusing a procedural default in an underlying substantive claim[.]" *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). Petitioner bears the burden of establishing his claim of ineffective assistance of counsel beyond a preponderance of the evidence. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> First, . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial a trial whose result is reliable.

*Id.* at 687.

The standard for reviewing an attorney's performance is that of a reasonably

5

effective counsel considering all of the circumstances. *Id.* at 688. Accordingly, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* This is particularly true for tactical or strategic decisions. *Id.* at 690.

To prove prejudice, a defendant "must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003); see also *Olden v. United States*, 224 F.3d 561, 565 (6th Cir. 2000).

### 1. Failure to Withdraw from Rule 11 Plea Agreement

Petitioner says counsel was ineffective, because the Rule 11 plea agreement gave Petitioner the right to withdraw from the agreement if his sentence exceeded the top of the agreed upon guideline range of 37 to 46 months. He says that even after AUSA Roth advised the Court that its sentence exceeded that contemplated by the Rule 11, counsel ignored it and urged Petitioner not to withdraw his plea.

Petitioner fails to make a showing of cause or prejudice on this claim. According to the Government, had Petitioner gone to trial, there was overwhelming evidence of guilt, including recorded conversations and the testimony from the cooperating defendant who sold Petitioner the stolen money orders. By pleading guilty, Petitioner received the benefit of credit for acceptance of responsibility. He also avoided the possibility of testimony regarding additional related conduct, which may have subjected him to a higher sentence. Under those circumstances, defense counsel's advice not to withdraw from the plea agreement was a strategic decision not reviewable by this Court.

*Strickland*, 466 U.S. at 690-691.

In addition, because 18 U.S.C. § 3147 required the Court to impose a partially consecutive sentence due to Petitioner's commission of this crime while on pretrial release, it is unlikely that he would have received a lower sentence.

### 2. Failure to Introduce Evidence of Cooperation and Mitigation

Petitioner says counsel was ineffective because he failed to investigate and present evidence of Petitioner's cooperation with an ongoing police investigation, which led to the arrest, indictment and conviction of another defendant in a state case.

At the sentence hearing, defense counsel stated that he thought he would be able to produce a police report evidencing the tip that Petitioner provided, but was unable to obtain it after discussion with the Wayne County Sheriff's Office. *See* Sent. Tr. at p. 16, ¶ 19. It is unclear whether defense counsel was unable to obtain the report because it did not exist or because counsel did not make a proper request.

In any event, no such evidence was provided to the Court at sentencing, nor does any accompany this motion. Petitioner's unsupported assertions regarding his cooperation do not establish ineffective assistance. *Malcum v. Burt*, 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003) (Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief).

Moreover, there was no cooperation agreement between Petitioner and the Government, so even if his allegations are true, he fails to show he is entitled to relief. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or an evidentiary hearing." *United States v. Washington*, 250 Fed. Appx. 716, 718 (6th Cir. 2007).

7

Next, Petitioner says the probation department's letter was new discovery, which added two levels to his base offense level, but counsel did not seek to adjourn the sentence in order to conduct further investigation.

This claim is refuted by the record. The loss calculations were included in the PSIR prepared on October 31, 2007. And, defense counsel admitted that the Government had previously given him discovery materials which included information regarding the $40,000 attempted money order purchase. *See* Sent. Tr. at p. 7, ¶ 18. Although counsel disputed the higher figure because he did not believe it reflected money order traffic attributable to the stolen box of money orders, it was clear counsel had this information before the sentencing hearing. *Id.* at p. 5. Petitioner does not deny that the transaction occurred, but rather argues that its inclusion resulted in a loss calculation higher than he agreed to in the Rule 11. As detailed below, the Sixth Circuit allows the entire intended, or possible, loss to be attributed to the defendant. *United States v. Tudeme*, 457 F.3d 577, 581-82 (6th Cir. 2006) (citing U.S.S.G. § 2F1.1). Petitioner, therefore, fails to establish cause or prejudice on this claim.

Petitioner also complains that defense counsel was ineffective for failing to raise the issue of his gambling addiction. Again, the record refutes this contention. Defense counsel raised Petitioner's alleged gambling addiction in his sentence memorandum. The Court thoroughly addressed it and decided it did not warrant a variance.

### 3. Failure to File Notice of Appeal

Petitioner says defense counsel was ineffective because he failed to comply with Petitioner's request to file a notice of appeal. Petitioner submits no affidavits or other credible evidence to support this claim.

8

Courts have found that a petitioner must clearly demonstrate that he instructed his counsel to appeal. See *Lamb v. United States*, 2007 U.S. Dist. LEXIS 61159 (E.D. Tenn. 2007); *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992). A petitioner may not be entitled to an evidentiary hearing "based solely upon his uncorroborated assertion that he asked counsel to file an appeal." *Lamb*, 2007 U.S. Dist. LEXIS 61159 at * 17; *Guiterrez-Fernandez*, No. 99 Civ. 4484, 2000 U.S. Dist. LEXIS 15415, 2000 WL 1559945, *3 (S.D. N.Y. Oct. 18, 2000); *United States v. Ibe*, No. 97CR1213, 1999 U.S. Dist. LEXIS 16432, 1999 WL 970392, *3 (S.D.N.Y. Oct. 25, 1999).

Petitioner's credibility is tainted by his current attack on the voluntariness of his plea, an assertion belied by his previous answer under oath that no one threatened, coerced or made him any promise or representation about the outcome, in order to obtain his guilty plea. The Court finds that Petitioner is not entitled to an evidentiary hearing based solely upon his uncorroborated assertion that he asked counsel to file an appeal.

Because Petitioner procedurally defaulted his ineffective assistance of counsel claims, he can not use them to establish cause and prejudice as to his other defaulted claims.

### B. Petitioner's Remaining Claims are Procedurally Defaulted

#### 1. Failure to Comply with Fed. R. Crim. P. 32

Petitioner says the Court violated his Sixth Amendment right to a fair sentencing by failing to comply with Federal Rules of Criminal Procedure 32(h) and (i)(1)(A).

9

Petitioner says the Court failed to verify that he and his counsel read and discussed the PSIR and any addendums, in violation of Rule 32(i)(1)(A).

Rule 32(i)(1)(A) says the Court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." When the Court commenced the sentencing hearing, the Court addressed Petitioner's objections to the PSIR. After addressing the objections, the Court asked Petitioner whether he had reviewed the PSIR. See Sent. Tr. at p. 9, ¶ 18. He responded yes and said he had no further objections. *Id.* at ¶ 20-24. Petitioner claims this questioning was insufficient because the Court did not also ask whether he reviewed and discussed the PSIR with his attorney.

Although the Sixth Circuit requires literal compliance with Rule 32(i)(1)(A), *United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir. 2001), "[a] trial judge need not expressly ask the defendant if he and his counsel have read and discussed the report." *United States v. Osborne*, 291 F.3d 908, 910 (6th Cir. 2002). "[I]nstead, the court need only somehow determine that defendant and counsel have had an opportunity to read and discuss the [PSR]." *Id.*

Defense counsel made several objections to the PSIR, which the Court addressed at the sentencing hearing. A review of the transcript reveals that the Court engaged in a long colloquy with counsel regarding the PSIR, including the loss calculations and the resulting guideline range. *See* Sent. Tr. at p. 9 - 15. Afterwards, Petitioner said he had no additional objections. *Id.* at 9. This was sufficient for the Court to infer that Petitioner and counsel had opportunity to read and discuss the PSIR. *U.S. v. Jeross*, 521 F.3d 562 (6th Cir. 2008); see also *U.S. v. Tate*, 516 F.3d 459 (6th Cir.

10

2008).

Petitioner also says the Court failed to give him and his counsel reasonable notice that it intended to depart from the guidelines, in violation of Rule 32(h).

Rule 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h).

Here, there was no upward departure, but rather the Court imposed a sentence at the top of the corrected guideline range, as calculated by the probation department and the Court. Petitioner received notice of this higher guideline range, which differed from the Rule 11 due to calculation of intended loss, in the PSIR. To the extent that any prior notice was required, this was reasonable and adequate. See *United States v. Meeker*, 411 F.3d 736, 744 (6th Cir. 2005) (explaining that only "reasonable notice" is required to satisfy Rule 32(h)).

Additionally, because the Court's sentence exceeded the maximum sentence in the Rule 11 agreement, the Court offered Petitioner the opportunity to withdraw from the agreement. See Sent. Tr. at p. 25, ¶ 6. Petitioner declined. *Id.* at 9.

Because Petitioner has not shown cause or prejudice, this claim is procedurally defaulted.

**B.     Counsel's Failure to Object to an Upward Departure and to Move to Withdraw Petitioner's Guilty Plea**

Petitioner next argues that he was deprived of his right to a fair sentence by

11

counsel's failure to object to an upward departure and to move to withdraw the guilty plea. He claims counsel advised him not to withdraw the plea, despite the fact that the Court's sentence exceeded the Rule 11's cap of 46 months.

The Rule 11 allowed Petitioner to withdraw from both his guilty plea and the plea agreement. At the sentencing hearing, the Court addressed only whether Petitioner wished to withdraw from the plea agreement, but not the plea itself. Nonetheless, Petitioner has not established cause or prejudice to excuse his procedural default of this claim. The sentence imposed was significantly below the 25 year statutory maximum sentence. He does not indicate how the sentence would have differed had he withdrawn his guilty plea.

Additionally, as indicated above, there was no upward departure from the guideline range. Therefore, counsel did not err by failing to make such objection. *Kincade v. Wolfenbarger*, 324 F. App'x 482, 495 (6th Cir. 2009) (counsel cannot be ineffective for a failure to raise an issue that lacks merit).

**C.    Violation of Right to a Fair Sentencing Hearing**

Next, Petitioner says the Court violated his right to a fair sentencing by failing to comply with Rules 11(b)(1)(A),(B),(G),(I),(J),(M), and (N).

Rule 11 provides:

(b) Considering and Accepting a Guilty or Nolo Contendere Plea.
(1) *Advising and Questioning the Defendant.* Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
    (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
        (B) the right to plead not guilty, or having already so pleaded, to persist in

that plea;
    (C) the right to a jury trial;
    (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;
    (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
    (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
    (G) the nature of each charge to which the defendant is pleading;
    (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;
    (I) any mandatory minimum penalty;
    (J) any applicable forfeiture;
    (K) the court's authority to order restitution;
    (L) the court's obligation to impose a special assessment;
    (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and
    (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Petitioner says the Court failed to fully advise him of: (1) his trial rights, (2) his right to an Arabic interpreter, (3) the possibility of a consecutive sentence, and (4) his waiver of the right to appeal.

The record does not support Petitioner's claims. At the plea hearing, the Court extensively questioned Petitioner before advising him of his trial rights. In particular, the Court asked him "[d]o you have any difficulty understanding English?" See Dkt # 21, p. 6. Petitioner replied, "No." *Id.* The Court also asked him, "[y]ou feel competent to go forward?" *Id.* Petitioner replied, "Yes." *Id.* In light of his answers and his ability to freely communicate with the Court, Petitioner fails to demonstrate that the Court was required to request an Arabic interpreter.

The Court also advised Petitioner of each trial right he was giving up by pleading

13

guilty. See Dkt #21, pp. 8-10. He said he understood each one. *Id.* AUSA Feller then placed the terms of the Rule 11 agreement on the record, including the appeal waiver which applied if the sentence did not exceed the agreed upon range. See Dkt #21, pp. 13-14. Petitioner agreed those were the terms of the plea agreement he agreed to. *Id.* at 14. This was sufficient to establish that the waiver was knowing and voluntary. See *United States v. Murdock*, 398 F.3d 491, 497-98 (6th Cir. 2005) (where the prosecutor refers to the waiver provision in summarizing the terms of the plea agreement, this may be sufficient to insure that the waiver was knowing and voluntary; see also *United States v. Sharp*, 442 F.3d 946 (6th Cir. 2006) (upholding plea where prosecutor summarized appellate waiver provision, and defendant stated in court that he had read the plea agreement, that he understood its terms, and that he had discussed the agreement with his attorney).

In any event, the appeal waiver did not apply. The Rule 11 stated that "[i]f the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right to appeal his conviction or sentence." The Court imposed a sentence of 57 months, which exceeded the agreed upon range in the Rule 11 and rendered the appeal waiver ineffective. The Court also advised him that he might have appellate rights which must be exercised within 10 days of the imposition of sentence. *See* Dkt #21, p. 24.

Petitioner, therefore, cannot demonstrate any prejudice resulting from the Court's failure to inquire into his understanding of the appellate waiver provision of his plea agreement.

Lastly, Petitioner complains that the Court failed to advise him of the possibility of

a consecutive sentence. At the sentencing hearing, the Court addressed whether the Court was required to impose a consecutive sentence because Petitioner committed this offense while on bond. *See* Dkt #21, p. 10-12, 17-18. The Court also acknowledged that because the length of Petitioner's prior sentence was partially influenced by this offense, that weighed in favor of a partially concurrent sentence. *Id.* at 18. This was reasonable to put Petitioner on notice of a possible consecutive sentence.

Petitioner says the cause for his failure to address these claims on direct appeal was counsel's failure to comply with Petitioner's request to file a notice of appeal. However, as discussed above, this unsubstantiated allegation is not supported by affidavit or other credible evidence. This was Petitioner's fourth federal conviction and he had prior experience with appellate and post-conviction proceedings, which tends to support the conclusion that Petitioner was aware of his appeal rights. As a result, the Court finds he has not established cause or prejudice to excuse his procedural default of these claims.

### D. Government's Provision of False Information to the Court

Petitioner next complains about a letter submitted to the Court by the probation department the day before his sentencing. Petitioner says the probation department and the Government waited until the last minute to provide the Court with new discovery regarding more alleged victims and an amount of loss higher than he agreed to during his plea. He says the Government's intentional violation did not give him and his counsel an adequate opportunity to investigate and present relevant information in response.

The record does not support this claim. Although the PSIR listed an actual loss

amount of $93,903.43, Petitioner was held responsible for $144,066.36 in intended loss for sentencing guideline purposes. See PSIR, ¶ 6.

The Sixth Circuit allows the entire intended, or possible, loss to be attributed to the defendant. *United States v. Tudeme*, 457 F.3d 577, 581-82 (6th Cir. 2006) (citing U.S.S.G. § 2F1.1). Moreover, since the intended loss figure was included in the PSIR, Petitioner was on notice that the higher figure would be used to calculate the guideline range. See *United States v. Erpenbeck,* 532 F.3d 423, 443 (6th Cir. 2008); see also *cf*. *United States v. White*, 296 Fed. Appx. 483, 487-488 (6th Cir. 2008) (district court properly used actual loss amount to calculate loss, where probation department did not have information about intended loss before sentencing and actual loss was used in the presentence report; defendant was not on notice of the larger amount).

Because Petitioner has not established that the Government provided false information, he can not establish cause or prejudice to excuse his procedural default.

**E.     Failure to Consider § 3553(a) Factors**

Petitioner says the Court failed to consider the § 3553(a) factors when imposing sentence. He argues that the Court ignored his gambling, drug and alcohol addictions. Again, the record does not support this claim.

"A sentence is unreasonable if the district court fails to consider the applicable sentencing range under the Guidelines, or fails to consider the sentencing factors described in 18 U.S.C. § 3553(a)." *United States v. Caswell*, 456 F.3d 652, 656 (6th Cir. 2006).

The Court specifically addressed the § 3553(a) factors advanced by Petitioner, including (1) the death of his father when he was young, (2) his gambling addiction, (3)

16

alcohol abuse, (4) his family obligations. See Dkt #25, p. 19. The Court said none warranted a variance. *Id.* at 22. The Court also noted that Petitioner provided no professional opinion diagnosing him with a gambling behavioral problem or other evidence to support his claim of a gambling addiction. *Id.* at 20. He provides no such support with this petition.

In imposing sentence, the Court also noted that Petitioner (1) had an extensive criminal history for which he had never been sentenced to a prison term, (2) had a poor adjustment to prior terms of probation, (3) posed a threat for recidivism, as evidenced by his commission of this crime, (4) committed this financial crime while on bond for a separate financial crime, and, (5) gave inconsistent statements regarding his current and prior use of controlled substance. *Id.* at 19-22. The Court found that these factors outweighed the mitigating factors cited by Petitioner.

Because the Court clearly considered the § 3553(a) factors, Petitioner can not establish cause or prejudice to excuse his procedural default.

## V.    CONCLUSION

The Court **DENIES** the Motion without an evidentiary hearing. The Court also declines to issue Petitioner a certificate of appealability.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 31, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Dhafer Putrous by electronic means or U.S. Mail on August 31, 2010.

s/Linda Vertriest
Deputy Clerk